**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| L&M TRANSPORTATION SERVICES, INC., | |
| Plaintiff, | Case No: 5:17-cv-00503 |
| v. | |
| JAMES EDWARD MCCURLEY, II, | ***DEMAND FOR JURY TRIAL*** |
| Defendant. | |

## COMPLAINT

Plaintiff L&M Transportation Services, Inc., by and through its undersigned counsel, for its Complaint against Defendant James Edward McCurley, II, alleges and says:

## PARTIES

1.      Plaintiff L&M Transportation Services, Inc. ("Plaintiff") is a North Carolina corporation, with its principal place of business located at 2925 Huntleigh Drive, Suite 104, Raleigh, North Carolina 27604.

2.      Upon information and belief, Defendant James Edward McCurley, II ("Defendant") is a resident of the State of Alabama and maintains a dwelling or usual place of abode at 406 North Maloy Street, Opp, Alabama 36467.

## JURISDICTION AND VENUE

3.      Jurisdiction exists in this action under 28 U.S.C. § 1332 because there is a diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of North Carolina. Specifically, at all times relevant hereto, Defendant acted as Plaintiff's agent, arranging truckload freight services on behalf of Plaintiff, and entered into multiple binding contracts with Plaintiff, which is a North Carolina corporation with a principal place of business in this district.

## FACTS

5.      Plaintiff is a third-party logistics provider of, among other things, regional, national and international transportation services.

6.      At all relevant times, Defendant acted as Plaintiff's agent.

7.      In his role as Plaintiff's agent, Defendant would arrange truckload freight services in exchange for certain monetary and non-monetary consideration provided to Defendant by Plaintiff.

8.      Prior to September 2012, Defendant, acting as Plaintiff's agent, arranged truckload freight services for a now-defunct entity known as Cardile Bros. Mushroom Packaging Inc. ("Cardile Brothers").

9.      Despite Plaintiff having honored all of its obligations to Cardile Brothers, Cardile Brothers failed to pay Plaintiff for the transportation services rendered.

10.      The total freight charges owed by Cardile Brothers to Plaintiff is $441,700.00 (the "Cardile Brothers Debt").

11.      As Plaintiff's agent, Defendant is responsible for 50% of the Cardile Brothers Debt, or $220,850.00 (the "Agent Debt")

12.      To evidence his indebtedness, on or about September 18, 2012, Defendant executed in favor of, and delivered to, Plaintiff a Promissory Note in the principal amount of $220,850.00

2

(as amended, the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as **Exhibit A** and incorporated herein by reference.

13. The Promissory Note provides that Defendant's monthly commission would be adjusted by $2,000 per month until the Agent Debt is paid in full.

14. The Promissory Note was amended in April 2013 to provide that Defendant's monthly commission would be adjusted by $1,000 per month until the Agent Debt is paid in full.

15. On or about September 14, 2016, Plaintiff and Defendant entered into that certain Agency Agreement for L&M Transportation Services, Inc. (the "Agency Agreement"). A true and correct copy of the Agency Agreement is attached hereto as **Exhibit B** and incorporated herein by reference.

16. Pursuant to the Agency Agreement, Defendant acknowledged that the amount owed by Defendant to Plaintiff under the Note at that time totaled $199,850.00.

17. Pursuant to the Agency Agreement, Defendant agreed that his monthly commission would be adjusted by 5% per month until the Note is paid in full.

18. Pursuant to the Agency Agreement, Defendant further agreed that "[i]n the event [Defendant] discontinues doing freight business through [Plaintiff], the unpaid balance due on the [Note] will be payable on demand."

19. On or about December 16, 2016, Defendant resigned as an agent for Plaintiff. *See* December 16, 2016 email from Defendant to Plaintiff attached hereto as **Exhibit C** and incorporated herein by reference.

20. At the time of his resignation, Defendant agreed that the amount owed by Defendant to Plaintiff under the Note totaled $147,012.00. Further, Defendant agreed to "honor the Cardile debt as promised."

3

21.     Following his resignation, Plaintiff credited $26,681.48 against the Note to reflect commissions on accounts arranged by Defendant which were collected after his resignation.  Thus, the outstanding amount of the Note is $120,330.52 (the "Note Balance").

22.     Pursuant to the terms of the Agency Agreement, as Defendant has discontinued acting as Plaintiff's agent, the Note Balance is due upon demand.

23.     On or about July 22, 2017, Plaintiff demanded payment of the Note Balance in full. A true and correct copy of the July 22, 2017 demand letter is attached hereto as **Exhibit D** and incorporated herein by reference.

24.     On or about August 18, 2017, Plaintiff renewed its demand for payment of the Note Balance in full.  A true and correct copy of the August 18, 2017 demand letter is attached hereto as **Exhibit E** and incorporated herein by reference.

25.     Despite demand by Plaintiff, Defendant has failed and refused to honor his obligations to Plaintiff pursuant to the terms and conditions of the Note and the Agency Agreement.

**FIRST COUNT**
**(Breach of Contract)**

26.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

27.     Plaintiff entered into a valid and enforceable contracts, the Note and the Agency Agreement, with Defendant.

28.     Pursuant to those contracts, Defendant agreed, among other things, that if any portion of the Note was outstanding at the time Defendant discontinued acting as Plaintiff's agent, the Note Balance is due upon demand.

29.     Defendant discontinued acting as Plaintiff's agent on or about December 16, 2016.

30.     Despite demand, Defendant has failed to pay the Note Balance to Plaintiff.

31. Defendant has therefore breached his obligations under the Note and the Agency Agreement by failing to pay the Note Balance to Plaintiff upon demand.

32. At the time of this Complaint, the Note Balance is not less than $120,330.52, plus pre- and post-judgment interest accruing at the legal rate and all other sums provided for under the Note and the Agency Agreement.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant in an amount not less than $120,330.52, plus pre- and post-judgment interest accruing at the legal rate and all other sums provided for under the Note and the Agency Agreement, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff L&M Transportation Services, Inc. hereby demands a trial by jury with the maximum number of jurors permitted by law.

Dated: October 5, 2017

/s/ John M. Sperati
John M. Sperati
N.C. State Bar No. 31810
Smith Debnam Narron Drake
Saintsing & Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, North Carolina 27609
Telephone: (919) 250-2000
Facsimile: (919) 250-2211
Jsperati@smithdebnamlaw.com
*Attorney for Plaintiff*

OF COUNSEL
Eric Larson Zalud, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4178
Facsimile: (216) 363-4588
ezalud@beneschlaw.com

Kevin M. Capuzzi, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
kcapuzzi@beneschlaw.com

*Attorneys for Plaintiff L&M Transportation Services, Inc.*

# Exhibit A



**Promissory Note**

$1,000/month
Effective April 1st, 2013
per M. Devine

September 18, 2012

This promissory note between LMTS and Jimmy McCurley is for collection of bad debt in the matter of Cardile Brothers freight charges, a 50% share of which is the responsibility of Jimmy McCurley, agent for LMTS.

The total amount of bad debt is $441,700.00. Each month, beginning Jan 1st of 2013, the amount of $2000 will be adjusted from Jimmy McCurley's paid gross profit in calculating his monthly commission amount, until the entire $441,700.00 is charged off. Jimmy McCurley's commission rate of 50% will apply to the entire amount, so that the total charged to his commission will be $220,850.00.

In the event that any money is recovered from the debtor (Cardile Brothers) or its assets, that amount will be deducted from the above charge off amount.

This is a binding contract.

Mike Moore (LMTS)  _Mike Moore_

Jimmy McCurley  _Jimmy McCurley_

✱ New/Revised Note Forthcoming per
M. Devine. 3-29-13

# Exhibit B

**DO NOT REMOVE!**
MD. returned this
document from
June 2015
trip.

Agent Agreement for L&M Transportation Services, Inc.

James Edward McCurley, freight agent

Effective this the __16th__ day of September, 2014, L&M Transportation Services, Inc. (LMTS) and James Edward McCurley enter into a binding agreement as regards the marketing of truckload freight services in which:

- James Edward McCurley will continue to arrange freight services through LMTS
- LMTS will continue to provide back office and accounting services for all business James Edward McCurley solicits on behalf of LMTS
- James Edward McCurley will earn a commission of 55% of the paid gross profit on all paid freight invoices for the loads he has arranged
- Additionally, 5% of the paid gross profit will be applied to paying off the promissory note held by LMTS and signed by James Edward McCurley, current balance of which is ___$199,850.00___, until such time as the entire note is paid off, at which time, the additional 5% will be paid to James Edward McCurley as well.
- In the event James Edward McCurley discontinues doing freight business through LMTS, the unpaid balance due on the promissory note will be payable on demand.

_James Edward M E Curley II_

Signature

_James Edward McCurley, II_

Print Name

_9-16-14_

Date

State of Alabama

County of Covington

I, Heather Short (name and style of officer) hereby certify that James Edward McCurley II whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me

on this day that, being informed of the contents of the conveyance, he executed the same

voluntarily on the day the same bears date.

Given under my hand this 16th day of September 2014.

(Seal) _Heather Short_

Notary Public in and for said

County in said State _Covington/Alabama_

_My commission expires:_
_10/4/16_

# Exhibit C

## Betsy Summerlin

**From:** Mike Devine
**Sent:** Friday, December 16, 2016 3:27 PM
**To:** Betsy Summerlin; Tom Devine; Dan Giddens
**Subject:** FW: Resignation and plans forward

**From:** Jimmy McCurley [mailto:lmtransportation@yahoo.com]
**Sent:** Friday, December 16, 2016 1:44 PM
**To:** Mike Devine
**Subject:** Re: Resignation and plans forward

yes sir agreed I will clean up all in a timely matter hate to resign but life goes on. I will honor the Cardile debt as promised.
Jimmy McCurley Broker, River Place Logistics, Inc. 334.493.8860 Office 334.343.0500 Cell 334.493.8864 Fax

**From:** Mike Devine <Mike.Devine@LMTS.com>
**To:** Jimmy McCurley <lmtransportation@yahoo.com>
**Cc:** Betsy Summerlin <Betsy.Summerlin@LMTS.com>; Tom Devine <Tom.Devine@LMTS.Com>; Jim Devine <Jim.Devine@LMTS.com>; Dan Giddens <dan.giddens@lmts.com>
**Sent:** Friday, December 16, 2016 12:37 PM
**Subject:** Resignation and plans forward

Jimmy,

Although I am very disappointed that you are leaving LMTS as an agent , I wish you all the best in the future. I enjoyed the time that we worked together at LMTS. Thank you for representing LMTS in a respectful and professional manner.

We discussed some of the business that we need to take care of in the next 90 days. The following is a partial list of the things that need to be work on:

1.    We need a written resignation with a date of your last day at LMTS---simple email is sufficient.
2.    Effective today  Dec 16, 2016 LMTS will withhold all commissions due to you for 90 days.
3.    LMTS and you will diligently work together to clear up all claims, AR issues etc...collect all money that owed to LMTS in the next 90 days.
4.    At the end of 90 days ( 3/16/2017 ) LMTS will deduct all money not collected from all money that is owed to you. Any balance owed to you at the end of 90 days, will be applied to the Cardile debt total.
5.    Re: The Cardile debt that you have been paying at 5% of your monthly gross commission as per our agreement. You stated that you will continue to honor this commitment until this debt($147,012.00 balance as of 12/16/2016). For ease of bookkeeping, I suggest that we agree on a predetermined monthly amount rather than using different amounts each month.  I suggest a monthly amount of $2,000.00 minimum per month until the debt is paid in full.

1

Betsy, Tom, Dan, Jim and me will be leading this 90 day project. Please copy all of us on all emails.

Thanks kindly...md

Mike Devine
President
Office 800-632-3030 | Mobile
L&M Transportation Services, Inc.
2925 Huntleigh Drive, Suite 104 | Raleigh, NC; 27604
lmts.com

Mike Devine
President
Office 800-632-3030 | Mobile
L&M Transportation Services, Inc.
2925 Huntleigh Drive, Suite 104 | Raleigh, NC; 27604
lmts.com

# Exhibit D



Attorneys at Law

Eric L. Zalud
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4178
Fax: 216.363.4588
ezalud@beneschlaw.com

July 22, 2017

**VIA FEDEX AND CERTIFIED MAIL**

James Edward McCurley II
205 Parker Avenue
Opp, AL 36467

    *Re:    L&M Transportation Services, Inc. v. James Edward McCurley II*

Dear Mr. McCurley:

    Please be advised that this firm represents L&M Transportation Services, Inc. ("LMTS") in connection with the pending dispute between LMTS and you. All future correspondence and communication regarding this matter should be directed to our office.

    As you are aware, you are indebted to LMTS by virtue of that certain Promissory Note originally dated September 18, 2012 (as amended, the "Note"), arising as a result of bad debt in the Cardile Brothers matter, which you arranged as LMTS's agent. A true and correct copy of the Note is attached hereto as Exhibit A. As you are further aware, you subsequently entered into that certain Agency Agreement with LMTS dated September 16, 2014. A true and correct copy of the Agency Agreement is attached hereto as Exhibit B.

    Pursuant to the Agency Agreement, you agreed to continue to act as LMTS's agent to arrange truckload freight services in exchange for certain monetary and non-monetary consideration provided to you by LMTS. In connection with the Agency Agreement, you acknowledged that the balance due on the Note was $199,850.00, and you agree that, in the event you discontinued doing business with LMTS, the remaining unpaid balance on the Note would be payable in full upon demand.

    As you are aware, on or about December 16, 2016, you resigned as an agent for LMTS. *See* December 16, 2016 email from you to Mike Devine attached as Exhibit C hereto. At that time, you also confirmed in writing that you owed not less than $147,012.00 on the Note (the "Note Balance") and that you would "honor the Cardile debt as promised" by making payments on the Note in the amount of $2,000 per month. Notwithstanding that promise, you have failed to make a single payment on the Note since your resignation.

    Accordingly, given that you have voluntarily discontinued doing business with LMTS, pursuant to the Agency Agreement, LMTS hereby **DEMANDS** that you pay the entire Note Balance on or before **August 1, 2017**. A certified check in the amount of $147,012.00 shall be made payable to L&M Transportation Services, Inc. and delivered to:

www.beneschlaw.com

James Edward McCurley II
July 22, 2017
Page 2

> Benesch, Friedlander, Coplan & Aronoff LLP
> 222 Delaware Avenue, Suite 801
> Wilmington, DE 19801-1611
> Attn: Kevin M. Capuzzi

In the event that the Note Balance is not paid in full on or before August 1, 2017, LMTS will take all measures necessary to recover the Note Balance and all costs of collection, including, without limitation, pre-judgment interest, post-judgment interest, and attorneys' fees.

LMTS expressly reserves all rights to exercise any and all remedies that may be available to it without further notice, whether arising by contract, operation of law, or otherwise.

Should you have any questions, please contact me or have your counsel contact me.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Eric L. Zalud

Enclosures

cc:     Tom Devine (via-email)
        Kevin Capuzzi (via e-mail)

# EXHIBIT A



**Promissory Note**

September 18, 2012

This promissory note between LMTS and Jimmy McCurley is for collection of bad debt in the matter of Cardile Brothers freight charges, a 50% share of which is the responsibility of Jimmy McCurley, agent for LMTS.

The total amount of bad debt is $441,700.00. Each month, beginning $Jan\ 1^{st}$ of 20 13, the amount of $ 2000 ↲ will be adjusted from Jimmy McCurley's paid gross profit in calculating his monthly commission amount, until the entire $441,700.00 is charged off. Jimmy McCurley's commission rate of 50% will apply to the entire amount, so that the total charged to his commission will be $220,850.00.

In the event that any money is recovered from the debtor (Cardile Brothers) or its assets, that amount will be deducted from the above charge off amount.

This is a binding contract.

Mike Moore (LMTS)   _____

Jimmy McCurley      _____

✳ New/Revised Note Forthcoming per
        M Devine.  3-29-13

# EXHIBIT B

**DO NOT REMOVE!**
M.D. returned this document from June 2015 trip.

Agent Agreement for L&M Transportation Services, Inc.

James Edward McCurley, freight agent

Effective this the _16th_ day of September, 2014, L&M Transportation Services, Inc. (LMTS) and James Edward McCurley enter into a binding agreement as regards the marketing of truckload freight services in which:

- James Edward McCurley will continue to arrange freight services through LMTS
- LMTS will continue to provide back office and accounting services for all business James Edward McCurley solicits on behalf of LMTS
- James Edward McCurley will earn a commission of 55% of the paid gross profit on all paid freight invoices for the loads he has arranged
- Additionally, 5% of the paid gross profit will be applied to paying off the promissory note held by LMTS and signed by James Edward McCurley, current balance of which is ___$199,850.00___, until such time as the entire note is paid off, at which time, the additional 5% will be paid to James Edward McCurley as well.
- In the event James Edward McCurley discontinues doing freight business through LMTS, the unpaid balance due on the promissory note will be payable on demand.

_James Edward M E Curley II_

Signature

_James Edward McCurley II_

Print Name

_9-16-14_

Date


State of Alabama

County of _Covington_

I, _Heather Short_ (name and style of officer) hereby certify that _James Edward McCurley II_ whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me

on this day that, being informed of the contents of the conveyance, he executed the same

voluntarily on the day the same bears date.

Given under my hand this _16th_ day of _September 2014_.

(Seal) _Heather Short_

Notary Public in and for said

County in said State _Covington, Alabama_

My commission expires: _12/4/16_

# EXHIBIT C

**Betsy Summerlin**

| | |
|---|---|
| **From:** | Mike Devine |
| **Sent:** | Friday, December 16, 2016 3:27 PM |
| **To:** | Betsy Summerlin; Tom Devine; Dan Giddens |
| **Subject:** | FW: Resignation and plans forward |

**From:** Jimmy McCurley [mailto:lmtransportation@yahoo.com]
**Sent:** Friday, December 16, 2016 1:44 PM
**To:** Mike Devine
**Subject:** Re: Resignation and plans forward

yes sir agreed I will clean up all in a timely matter hate to resign but life goes on. I will honor the
Cardile debt as promised.
Jimmy McCurley Broker, River Place Logistics, Inc. 334.493.8860 Office 334.343.0500 Cell
334.493.8864 Fax

**From:** Mike Devine <Mike.Devine@LMTS.com>
**To:** Jimmy McCurley <lmtransportation@yahoo.com>
**Cc:** Betsy Summerlin <Betsy.Summerlin@LMTS.com>; Tom Devine <Tom.Devine@LMTS.Com>; Jim Devine
<Jim.Devine@LMTS.com>; Dan Giddens <dan.giddens@lmts.com>
**Sent:** Friday, December 16, 2016 12:37 PM
**Subject:** Resignation and plans forward

Jimmy,

Although I am very disappointed that you are leaving LMTS as an agent , I wish you all the best in the
future. I enjoyed the time that we worked together at LMTS. Thank you for representing LMTS in a
respectful and professional manner.

We discussed some of the business that we need to take care of in the next 90 days. The following is
a partial list of the things that need to be work on:

1.   We need a written resignation with a date of your last day at LMTS---simple email is sufficient.
2.   Effective today  Dec 16, 2016 LMTS will withhold all commissions due to you for 90 days.
3.   LMTS and you will diligently work together to clear up all claims, AR issues etc...collect all
money that owed to LMTS in the next 90 days.
4.   At the end of 90 days ( 3/16/2017 ) LMTS will deduct all money not collected from all money
that is owed to you. Any balance owed to you at the end of 90 days, will be applied to the Cardile debt
total.
5.   Re: The Cardile debt that you have been paying at 5% of your monthly gross commission as
per our agreement. You stated that you will continue to honor this commitment until this
debt($147,012.00 balance as of 12/16/2016). For ease of bookkeeping, I suggest that we agree on a
predetermined monthly amount rather than using different amounts each month.  I suggest a monthly
amount of $2,000.00 minimum per month until the debt is paid in full.

1

Betsy, Tom, Dan, Jim and me will be leading this 90 day project. Please copy all of us on all emails.

Thanks kindly...md

Mike Devine
President
Office 800-632-3030 | Mobile
L&M Transportation Services, Inc.
2925 Huntleigh Drive, Suite 104 | Raleigh, NC; 27604
lmts.com

Mike Devine
President
Office 800-632-3030 | Mobile
L&M Transportation Services, Inc.
2925 Huntleigh Drive, Suite 104 | Raleigh, NC; 27604
lmts.com

2

# Exhibit E


**Attorneys at Law**

Eric L. Zalud
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4178
Fax: 216.363.4588
ezalud@beneschlaw.com

August 18, 2017

**VIA EMAIL**
David S. Baker
Laird, Baker, & Blackstock, LLC
501 North Main Street
Opp, AL 36467

> *Re:    L&M Transportation Services, Inc. v. James Edward McCurley II*

Dear Mr. Baker:

As you know, this firm represents L&M Transportation Services, Inc. ("LMTS") in connection with the pending dispute between LMTS and your client, James Edward McCurley II. I write in reply to your August 1, 2017 letter, which you sent in response to LMTS's July 22, 2017 demand letter.

The August 1 letter is replete with inaccuracies. While I do not believe it is productive to respond to each point you have made, I will respond to certain of the more relevant points.

First, with respect to the amount due, attached to this letter as Exhibit A is an accounting. The accounting begins on December 16, 2016, which is the date on which Mr. McCurley agreed to owing LMTS at least $147,012.00 on the Note. *See* Exhibit C to the July 22 letter. Thus, the accounting before that date is irrelevant. As evidenced by the accounting, LMTS has reduced the Note balance by $26,681.48, in light of additional collections. The revised Note balance is now $120,330.52, which is due in full.

Second, LMTS rejects the contention that the Note balance should be offset by $96,000 apparently incurred by Mr. McCurley in connection with accounting services. As your client knows, the "outside accountant" was Mr. McCurley's son who had recently graduated from college and was trained by LMTS at its corporate office. Those accounting services were not requested or required by LMTS.

Third, the claim that Mr. McCurley was "forced" to sign the Note "to keep his job" is wholly untrue. Mr. McCurley voluntarily agreed to the terms of the Note as a result of his own obligations in connection with the Cardile Brothers matter. *See* Exhibit A to the July 22 letter. That claim is especially dubious given that your client, as recently as December 16, 2016, stated in writing that he would "honor the Cardile debt as promised." *See* Exhibit C to the July 22 letter.

10394083 v1

James Edward McCurley II
August 18, 2017
Page 2

Finally, the contention that LMTS was negligent or mismanaged the Cardile Brothers debt has absolutely no support. Instead, discovery will prove that LMTS offered Mr. McCurley assistance on multiple occasions, which your client refused. Moreover, as your client is aware, agents are solely responsible for determining when to cease doing business with a customer. Thus, LMTS bears no responsibility for Mr. McCurley's poor business decisions vis-à-vis Cardile Brothers.

In light of the foregoing, LMTS hereby renews its demand Mr. McCurley pay the entire Note balance on or before **August 31, 2017**. A certified check in the amount of **$120,330.52** shall be made payable to L&M Transportation Services, Inc. and delivered to:

> Benesch, Friedlander, Coplan & Aronoff LLP
> 222 Delaware Avenue, Suite 801
> Wilmington, DE 19801-1611
> Attn: Kevin M. Capuzzi

In the event that the Note balance is not paid in full on or before August 31, 2017, LMTS will take all measures necessary to recover the Note balance and all costs of collection, including, without limitation, pre-judgment interest, post-judgment interest, and attorneys' fees.

LMTS expressly reserves all rights to exercise any and all remedies that may be available to it without further notice, whether arising by contract, operation of law, or otherwise. Thank you.

Sincerely,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Eric L. Zalud

Enclosures

# EXHIBIT A

**Jimmy McCurley**                                                                  5/10/2017
**Recap to Finalize all Accounting w/ LMTS - Revised***


Total Commission Reports:                                          $45,154.00
Total Deductions:                                                     ($18,472.52)

Gross Amount to be Applied to Promissory Note:            $26,681.48


Promissory Note Balance as of 12/15/2016:                   $147,012.00
Gross Amount of Final To Be Applied:                          ($26,681.48)
Balance Remaining:                                                   $120,330.52


*Revised once Mr. Greens paid last three loads & with any collections from All State
 thru 5/9/2017.

**Jimmy McCurley**                                                    5/10/2017
**Recap to Finalize all Accounting w/ LMTS - Revised***

**Commission Reports:**
| | |
|---|---|
| December Report | $24,020.00 |
| January Report | $12,332.00 |
| February Report | $7,122.00 |
| March Report (3/1/17 - 3/16/17) | $960.00 |
| April Report | $720.00 |
| **Total:** | **$45,154.00** |

*Revised once Mr. Greens paid last three loads in April & with any collections from All State
 thru 5/9/2017.

Jimmy McCurley
Recap to Finalize all Accounting w/ LMTS - Revised*                                                                    5/10/2017

Open issues for Jimmy McCurley:                                                    Total Loss:

Miscellaneous:
1. # 488650 Pacific Group Express load voided                                     ($3,017.20)      @      60%      =      ($1,810.32)
    1 advance = 3017.20 to be charged off - email to Betsy 12/21/16
    Jimmy unable to collect from carrier - out of business

2. Loans - Pacific Group Express to be charged off                                ($591.59)        @      60%      =      ($354.95)
    Ryder invoices paid by LMTS in 2016
    Amounts: $139.75, $211.75 & $240.09 = $591.59

Claims:
1. Load # 489872 - D & K Transport Services                                       ($21,426.01)     @      60%      =      ($12,855.61)
    Amount not collected on claim as of
    3/16/2017 = $24,774.41 (claim amt deducted from Mr. Greens check)
    Applied carrier pay = $2,882.80 for Ld # 489872 and $465.60 for Ld# 489774
    Commission GP calc'd 3/1/17

2. Load # 493586 - All State Logistic Services                                    ($2,735.54)      @      60%      =      ($1,641.32)
    Amount not collected on claim as of 3/16/2017                       ($3,017.20)      @      60%      =      ($1,810.32)
    *Potential* Claim amount = $ 12,861.38 (per claim forms - no invoices recv'd) NOT PAID
    Holding funds = $8,125.84 in hold folder to apply once claim inv recv'd.
    Collected from carrier = $ 2,000.00 (1,000 on 3/31 and 1,000 on 4/10)
    Comdata issued on load = $3,017.20
    No freight recv'd from Sysco as of 3/16/2017 (sent freight bill remote 1/25/17)

|  | Total Deductions: | ($18,472.52) |
| --- | --- | --- |

*Revised once Mr. Greens paid last three loads & with any collections from All State
 thru 5/9/2017.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

L&M Transportation Services, Inc.

### DEFENDANTS

James Edward McCurley, II

**(b)** County of Residence of First Listed Plaintiff    Wake County, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Covington County, AL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☐ 2   U.S. Government
Defendant
- ☐ 3   Federal Question
*(U.S. Government Not a Party)*
- ☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 850 Securities/Commodities/ |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | **FEDERAL TAX SUITS** | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | or Defendant) | State Statutes |
| | Employment | **Other:** | ☐ 871 IRS—Third Party | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | 26 USC 7609 | |
| | Other | ☐ 550 Civil Rights | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | **IMMIGRATION** | |
| | | ☐ 560 Civil Detainee - | ☐ 462 Naturalization Application | |
| | | Conditions of | ☐ 465 Other Immigration | |
| | | Confinement | Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
Proceeding
- ☐ 2 Removed from
State Court
- ☐ 3 Remanded from
Appellate Court
- ☐ 4 Reinstated or
Reopened
- ☐ 5 Transferred from
Another District
*(specify)*
- ☐ 6 Multidistrict
Litigation -
Transfer
- ☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Breach of promissory note and agency agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
120330.52

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/2/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ John M. Sperati

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| L&M Transportation Services, Inc. <br><br> _Plaintiff(s)_ <br> v. <br> James Edward McCurley, II <br><br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.  5:17-cv-00503 <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  James Edward McCurley, II
406 North Maloy Street
Opp, Alabama 36467

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    John M. Sperati
Smith Debnam Narron Drake
Saintsing & Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, North Carolina 27609

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  5:17-cv-00503

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

                          _____
                                     *Server's signature*

                          _____
                                     *Printed name and title*

                          _____
                                     *Server's address*

Additional information regarding attempted service, etc: